UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEMICONDUCTOR ENERGY LABORATORY CO., LTD,

        Plaintiff,

  v.

CHI MEI OPTOELECTRONICS CORP. et al.,

        Defendants.
                                              /

No. C 04-04675 MHP

**MEMORANDUM & ORDER**
**Re: Motion for Clarification**

        Plaintiff Semiconductor Energy Laboratory Co. brought this patent infringement action against defendants Chi Mei Optoelectronics Corp. et al., alleging infringement of four United States patents related generally to the design and manufacture of liquid crystal display ("LCD") devices. On March 27, 2006 the court issued a memorandum and order construing several disputed terms in the asserted patents. Now before the court is defendants' motion for clarification as to two of the court's constructions.

        The parties disagree at the outset about the proper characterization of defendants' motion. Plaintiff argues that the instant motion is, in substance, a motion for reconsideration, which is subject to strict threshold requirements under Civil Local Rule 7-9. Defendants argue that they are merely requesting clarification of perceived inconsistencies in the court's Markman ruling. See, e.g., Mosaid Techs., Inc. v. Samsung Elecs. Co., No. 01-CV-4340, 2004 U.S. Dist. LEXIS 27635, at *16 (D.N.J. June 10, 2004) (granting motion for clarification where court's claim construction order and
opinion were inconsistent).

1  The court agrees with plaintiff that defendants' motion does not depart greatly from the
2  arguments already advanced through claim construction briefing and argument and can be denied on
3  that basis alone.  Indeed, the two constructions offered by defendants as "clarifications" of the
4  court's previous ruling are nearly identical to the constructions previously offered by defendants and
5  rejected by this court.  Nonetheless, the court briefly considers the merits of defendants' arguments.

6  The first claim term for which defendants seek clarification is "conductive spacer," used in
7  U.S. Patent No. 6,404,480 (the "'480 patent").  According to defendants, the court's construction is
8  confusing because it finds that the term "spacer" standing alone means an object "placed in the
9  region between the substrates in order to maintain a uniformly wide gap," but concludes that a
10  "conductive spacer" need not contribute to maintaining a uniformly wide gap.  Defendants claim that
11  the current construction is fatally inconsistent.

12  While it is true that terms used in a patent should generally be given consistent meaning
13  throughout, see Rexnord Corp. v. Laitram Corp., 274 F.3d 1336, 1342 (Fed. Cir. 2001), this
14  principle is not rigid or absolute.  Here, the court has already found that "spacers" and "conductive
15  spacers" are distinct structures in the specification of the '480 patent and have different functions.
16  The description of the embodiment cited by the court in its Markman order makes the distinction
17  plain; when the two substrates are brought together, the conductive spacers are deformed until the
18  cell gap is reduced to 3 micrometers—the diameter of the spacers. '480 patent at 11:47–61.  While
19  it may be that in some embodiments the conductive spacers as well as the spacers help to maintain
20  the cell gap, according to this passage they need not always do so.

21  The second claim term for which defendants seek clarification is "exposed," as used in the
22  claims of U.S. Patent No. 6,756,258 (the "'258 patent").  Here, defendant illogically argues from its
23  own false assumption to make the leap to a conclusion which, of course, is erroneous.  The court
24  defined "exposed" to mean "made subject to etching".  The court then explained the reason for its
25  broad reading of the claim, rejecting defendant's narrow reading..  The court concluded that the
26  extent of the "exposed" portion of the second semiconductor film would depend on the type of
27  etchant used.  Defendants now argue that  the court must have improperly defined the claim term in
28

light of the accused process, which is contrary to settled law. See <u>SRI Int'l v. Matsushita Elec. Corp.</u>, 775 F.2d 1107, 1118 (Fed. Cir. 1985).

As defendants know, however, the court was presented with no evidence about the accused process during claim construction, made no reference to it in its claim construction, and certainly did not rely on the accused process as extrinsic evidence of the meaning of the disputed terms. The court relied upon the claim language, which is broadly stated, noting it encompasses the use of both wet and dry etchants; the description in the specification of the use of different types of etchant; and the parties' stipulations in their papers and at argument that one of ordinary skill in the art would understand that a wet etchant will remove a different part of the surface of a semiconductor device than a dry etchant. No part of this reasoning depends on reference to the accused process and that should be apparent from the court's order.

If defendants are suggesting that the claim as interpreted is invalid under 35 U.S.C. section 112, whether for lack of enablement, lack of adequate written description, or indefiniteness, they can pursue this on a motion for summary judgment, to the extent their argument has merit. The motion for clarification, however, has none and is therefore DENIED.

Defendants' motion for clarification is therefore denied.

IT IS SO ORDERED.

Dated: July 27, 2006

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

3